IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

CANDELA MANAGEMENT GROUP, INC.,
*et al.*,

Plaintiffs,

vs.

Civil Action No. 2:08-cv-1138
Judge Edmund A. Sargus, Jr.
Magistrate Judge Norah McCann King

THE TACO MAKER, INC., *et al.*,

Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of defendant Taco Maker Inc.'s ("Taco Maker") objections to the Magistrate Judge's Report and Recommendation denying Taco Maker's Motion to Transfer Venue. Pursuant to 28 U.S.C. § 1404(a) and 28 U.S.C. § 1406(a), Taco Maker seeks to transfer venue to the United States District Court for the District Court of Puerto Rico. For the reasons that follow, Taco Maker's Motion to Reconsider (Doc. 44) is **GRANTED**, Taco Maker's Motion to Transfer Venue (Doc. 13) is **GRANTED**, and this proceeding is hereby **TRANSFERRED** to the United States District Court for the District of Puerto Rico. In addition, Plaintiffs' Motion to Stay Pending Arbitration (Doc. 17) is **DENIED** without prejudice, subject to refiling and briefing before the District Court in Puerto Rico.

I.

## A. The Instant Action and Agreements

Candela Management Group, Inc., an Ohio corporation, and two individual plaintiffs residing in the State of Ohio bring this action against Taco Maker and several individual defendants residing in Puerto Rico. (1st Amend. Compl. ¶¶ 7-9; pp. 1-2.)  Taco Maker is a Delaware corporation.  (*Id.* at ¶ 10.)  It has its principal place of business in Utah.  (*Id.*)  Taco Maker is the franchisor of restaurants that serve Mexican-style fast food.  (*Id.*)

In their complaint, Plaintiffs allege that Taco Maker made misrepresentations and material omissions concerning Development Agent and Franchise Agreements (collectively, "Agreements") entered into between Plaintiffs and Taco Maker.  (*Id.* at ¶¶ 31-38.)  Plaintiffs contend that such conduct by Taco Maker violated applicable state franchise and trade practices statutes, amounted to negligent misrepresentation, and was fraudulent.  Plaintiffs also allege that Taco Maker breached the Franchise Agreements.  Plaintiffs seek to rescind the Agreements and recover monetary damages.

Plaintiffs sought to invest in the rights to Taco Maker franchises in the continental United States.  (*Id.* at ¶ 16.)  Taco Maker provided to Plaintiffs a Uniform Franchise Offering Circular ("UFOC").  The UFOC contained representations regarding Taco Maker franchise opportunities.  (*Id.* at 17-18.)  Allegedly relying on the UFOC's terms, Plaintiffs, in March 2008, entered into Development Agent Agreements with Taco Maker for the States of Illinois, Ohio, and South Carolina.  (*Id.* at ¶ 19.)  Each of the Development Agent Agreements included a clause requiring any disputes between the parties to be litigated in Puerto Rico:

> Except as otherwise expressly provided by applicable state law or regulation, the
> parties agree that any action brought by either party against the other shall be brought
> in Puerto Rico and the parties do hereby waive all questions of personal jurisdiction

2

or venue for the purpose of carrying out this provision.

(*Id.*, Ex. B, C, D.)

In May 2008, Plaintiffs, again allegedly relying on the terms of the UFOC, entered into two separate Franchise Agreements with Taco Maker for locations in South Carolina. (*Id.* at ¶ 28.) The Franchise Agreements also included a forum-selection clause that was substantially identical with that contained in the Development Agent Agreements. (*Id.*, Ex. E, F.)

## B. Venue Dispute

In their complaint, Plaintiffs allege that venue in this District is proper under 28 U.S.C. § 1391(a)(2). Taco Maker filed a Motion to Transfer Venue, seeking to transfer the action to the United States District Court for the District of Puerto Rico. Pursuant to 28 U.S.C. § 1406(a),[1] Taco Maker contended that the forum-selection clauses in the Agreements rendered the District of Puerto Rico the only proper venue for the action. Taco Maker also asserted that, in light of the forum-selection clauses, transfer to the District of Puerto Rico was warranted under 28 U.S.C. § 1404(a).[2]

## II.

On September 11, 2009, the Magistrate Judge issued a Report and Recommendation in which she denied Taco Maker's Motion to Transfer Venue. The Magistrate Judge examined Taco Maker's motion under both § 1406(a) and § 1404(a).

---

[1]     Section 1406(a) provides: "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

[2]     Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a).

3

The Magistrate Judge determined that venue could not be transferred under § 1406(a). The Magistrate Judge noted that transfer pursuant to § 1406(a) is only appropriate if the district in which the action is brought is an improper venue under 28 U.S.C. § 1391. (Rep. and Rec. at 8.) The Magistrate Judge concluded that venue in this District is proper because Plaintiffs alleged that a substantial part of the events or omissions giving rise to their claims occurred in this District. (*Id.* at 8-9.) In accordance with the Sixth Circuit's interpretation of *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988), the Magistrate Judge rejected Taco Maker's contention that the forum-selection clauses in the Agreements rendered all venues other than the District of Puerto Rico improper. (*Id.* at 9.); *see Kerobo v. Southwestern Clean Fuels, Corp.*, 285 F.3d 531, 536 (6th Cir. 2002).

Taco Maker's Motion to Transfer Venue pursuant to § 1404(a) was also found to be without merit. In evaluating Taco Maker's contention that transfer was warranted by § 1404(a), the Magistrate Judge first assessed whether the dispute "might have been brought" in the transferee district – the District of Puerto Rico. 28 U.S.C. § 1404(a). The Magistrate Judge noted that in a diversity action, such as the instant matter, venue is proper in the district where all defendants reside, 28 U.S.C. § 1391(a), and that "[f]or purposes of venue . . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). The Magistrate Judge concluded that each of the defendants was a resident of Puerto Rico for venue purposes. The Magistrate Judge found that there was no dispute that the individual defendants resided in Puerto Rico and that Taco Maker willingly conducted business in Puerto Rico, rendering it subject to personal jurisdiction there. (Rep. and Rec. at 12.) Accordingly, it was determined that the action could have been filed in the District of Puerto Rico. (*Id.* at 12-13.)

4

The Magistrate Judge then assessed whether the transfer of the action to the District of Puerto Rico would facilitate the convenience of the parties and witnesses and be in the interest of justice. In conducting this inquiry, the Magistrate Judge placed the burden of proof on Taco Maker to justify the requested transfer. (*Id.* at 11-12.)

Finding there to be a "near-equal division of the parties' locations," the Magistrate Judge concluded that Taco Maker failed to establish that "the location of the parties militate[d] in favor of transfer." (*Id.* at 13.) Regarding the convenience of the witnesses, the Magistrate Judge noted that potential witnesses were located in both Ohio and Puerto Rico. (*Id.* at 14.) Furthermore, the Magistrate Judge observed that Taco Maker had neglected to provide a summary of each witnesses' anticipated testimony. As a result, the Magistrate Judge stated that she was unable to "conclude that the convenience of the witnesses weigh[ed] in favor of transfer." (*Id.*)

With respect to the location of the parties' business records, the Magistrate Judge noted that the Plaintiffs claimed that its records were located in this District, while Taco Maker represented that its records were located in the District of Puerto Rico. Accordingly, the Magistrate Judge deemed this factor to be "neutral." (*Id.*)

The Magistrate Judge found that the forum-selection clauses in the Agreements counseled in favor of transfer to the District of Puerto Rico. (*Id.* at 15.) At the same time, however, the Magistrate Judge observed that the Plaintiffs' chosen forum was this District and that "a plaintiff's choice of forum should be accorded great weight" under § 1404(a). (*Id.*)

Finally, the Magistrate Judge concluded that "the locus of operative facts does not favor one venue over the other" because Plaintiffs alleged that a substantial part of the events or omissions giving rise to their claims occurred in this District, while Taco Maker contended that the negotiations

5

between the parties and the investigation of business operations took place in the District of Puerto Rico. (*Id.*)  Because the burden of proof was placed upon Taco Maker, the Magistrate Judge determined that "this state of equipoise" militated against transfer. (*Id.*)

In view of the foregoing considerations, the Magistrate Judge concluded that Taco Maker "ha[d] not met its burden of establishing that transfer to [the District of] Puerto Rico [was] warranted." (*Id.*)  Accordingly, Taco Maker's Motion to Transfer Venue was denied. (*Id.*)  Taco Maker then timely filed objections to the Magistrate Judge's Report and Recommendation.

## III.

### A. Standard of Review for Objection to Report and Recommendation

When a party challenges a magistrate judge's order concerning a nondispositive matter, such as a motion to transfer venue, the district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard applies only to factual findings made by the Magistrate Judge, while her legal conclusions will be reviewed under the more lenient 'contrary to law' standard." *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992).

"A finding is 'clearly erroneous' when, although there is evidence to support it, the reviewing court . . . is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). "To establish that a magistrate judge's opinion is contrary to law, an aggrieved party must demonstrate that the conclusions ignore or contradict relevant precepts of law." *Duggan v. Vill. of New Albany*, 2009 WL 4884201, at *1 (S.D. Ohio Dec. 15, 2009).

6

## B. Motion to Transfer Venue Pursuant to § 1404(a)

In its opposition to the Magistrate Judge's Report and Recommendation, Taco Maker posits several issues regarding § 1404(a) that it identifies as clearly erroneous or contrary to law. Taco Maker contends that the Magistrate Judge committed an error of law by placing the burden of proof on it to establish that transfer was warranted, as opposed to shifting the burden to Plaintiffs to establish why the forum-selection clauses in the Agreements should be ignored. Similarly, Taco Maker asserts that the Magistrate Judge erred in giving greater weight to Plaintiffs' choice of forum than the forum-selection clauses. Taco Maker also contends that the Magistrate Judge's balancing of § 1404(a) factors was clearly erroneous.

### 1. Shifting of the Burden of Proof

In evaluating a motion to transfer venue under § 1404(a), considerable deference is traditionally afforded to the plaintiff's choice of forum. For that reason, the burden of proof is said to be on the movant to establish why transfer is warranted. *Midwest Motor Supply Co. v. Kimball*, 761 F. Supp. 1316, 1318 (S.D. Ohio 1991); *see Hanning v. New England Mut. Life Ins. Co.*, 710 F. Supp. 213, 214 (S.D. Ohio 1989) ("[T]he plaintiff's choice of forum is to be given considerable weight and the balance of convenience, considering all of the relevant factors, should be strongly in favor of a transfer before such will be granted."). However, when the parties have entered into a valid forum-selection clause, some courts have held that the burden of proof may be shifted to the party opposing the forum-selection clause, which will typically be the plaintiff. *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 880 (3d Cir. 1995); *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989) (on remand of *Stewart*, 487 U.S. 22). In *Viron Int'l. Corp. v. David Boland, Inc.*, the court explained the rationale for shifting the burden to the plaintiff in the presence of a valid forum-

7

selection clause: "Requiring defendants to prove that [the transferee district] is a *more* convenient forum is not appropriate when [the] plaintiff has already contractually agreed that [the transferee district] is the most proper forum for handling disputes arising out of the parties' agreements." 237 F. Supp. 2d 812, 815 (W.D. Mich. 2008) (emphasis in original).

The Sixth Circuit has not decided whether a forum-selection clause shifts the burden of proof to the opponent of the clause to show why it should not be enforced, or whether the burden remains on the movant to justify the requested transfer. While district courts within the Circuit have taken both sides of the issue, there is a discernable trend throughout the Circuit to shift the burden to the opponent of the forum-selection clause. *See, e.g., id.* (shifted the burden); *Fluidtech, Inc. v. Gemu Valves, Inc.*, 457 F. Supp. 2d 762, 766 (E.D. Mich. 2006) (same).

In addition, this Court has, on several occasions, shifted the burden to the party opposing transfer as a result of a valid forum-selection clause. *See Egrsco, LLC v. Evans Garment Restoration*, LLC, 2009 WL 3259423, at *5 (S.D. Ohio Oct. 8, 2009); *Tieman v. Victaulic Co.*, 2007 WL 397054, at *3 (S.D. Ohio Jan. 31, 2007); *AmerisourceBergen Drug Corp. v. Meijer, Inc.*, 2005 WL 1630843, at *4 (S.D. Ohio July 8, 2005); *Travelers Prop. Cas. Co. of Am. v. Centimark, Corp.*, 2005 WL 1038842, at *4 (S.D. Ohio May 3, 2005). The Court notes that the burden of proof issue addressed here was not raised before the Magistrate Judge in either party's opening memorandum.

The Court concludes that in instances in which a valid forum-selection clause is present, the burden of proof on a § 1404(a) motion should be on the party opposing the forum-selection clause "to demonstrate why he should not be bound by his contractual choice of forum." *Egrsco*, 2009 WL 3259423, at *5. In the context of the instant matter, this means that Plaintiffs must demonstrate why they should not be bound by the terms of the forum-selection clauses in the Agreements. As a result,

8

the placement of the burden upon Taco Maker amounted to an error of law.

### 2. Application of § 1404(a) in Light of Burden-Shifting

"[I]n ruling on a motion to transfer under § 1404(a), a . . . court should consider the private interests of the parties, including their convenience and the convenience of potential witnesses, as well as other public-interest concerns, such as systemic integrity and fairness, which come under the rubric of 'interests of justice.'" *Moses v. Business Card Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991). The Magistrate Judge balanced the following factors in ruling on Taco Maker's Motion to Transfer Venue pursuant to § 1404(a): (1) the location of the parties and witnesses, (2) the location of the parties' business records, (3) the locus of operative facts, (4) the existence of the forum-selection clauses, and (4) Plaintiffs' choice of forum.

Each of these factors was relevant, and the Magistrate Judge correctly balanced them if the burden of proof was on Taco Maker, concluding that Taco Maker did not meet its burden of establishing that transfer to the District of Puerto Rico was warranted. However, as previously discussed, the burden of proof should have been shifted to Plaintiffs to demonstrate why the terms of the forum-selection clauses contained in the Agreements should be disregarded. As a result, the Court must consider the balancing of the aforementioned factors in a new light.

The Magistrate Judge correctly found that the location of the parties and witnesses, the location of business records, and the locus of operative facts favor neither party. In light of the shifting of the burden to Plaintiffs, this state of neutrality militates in favor of transfer.

Balancing these relevant factors after shifting the burden to Plaintiffs, the Court concludes that Plaintiffs have not met their burden of demonstrating why they should not be bound by the forum-selection clauses in the Agreements. Thus, transfer of this action to the District of Puerto

Rico is warranted. Taco Maker's Motion to Transfer Venue pursuant to § 1404(a) is **GRANTED**.

### C. Motion to Transfer Venue Pursuant to § 1406(a)

Taco Maker, in its Motion to Reconsider, continues to assert that venue in this District is improper and that the action should accordingly be transferred to the District of Puerto Rico pursuant to § 1406(a). Because the Court has already granted Taco Maker's Motion to Transfer Venue pursuant to § 1404(a), the Court need not address this argument.

## IV.

In accordance with the foregoing, Taco Maker's Motion to Reconsider is **GRANTED**, Taco Maker's Motion to Transfer Venue is **GRANTED**, and this proceeding is hereby **TRANSFERRED** to the United States District Court for the District of Puerto Rico. In addition, Plaintiffs' Motion to Stay Pending Arbitration is **DENIED** without prejudice, subject to refiling and briefing before the District Court in Puerto Rico.

**IT IS SO ORDERED.**

3 - 30 - 2010
**DATED**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**

10